**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARDO TORRES-REYES,

Defendant - Appellant.

No. 02-2027

(D.C. No. CR-01-628-LH)

(D. New Mexico)

---

**ORDER AND JUDGMENT***

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument.

Appellant was found guilty of reentry of a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(1), (2), and (b)(2). He was sentenced to eighty-six months' imprisonment. Appellant now

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeals his conviction, contending that: 1) the Mexican birth certificate should not have been admitted into evidence because it had not been properly authenticated; 2) the INS forms used as evidence were hearsay; 3) the district court erred in ruling that Appellant's testimony regarding his birthplace was hearsay; 4) there was insufficient evidence to support his conviction; and 5) he received ineffective assistance of counsel.

Appellant's first three contentions are evidentiary challenges which are reviewed for an abuse of discretion. United States v. Lugo, 170 F.3d 996, 1005 (10th Cir. 1992). Appellant first contends that the district court erred in admitting his Mexican birth certificate into evidence without proper authentication of foreign documents as set forth in Federal Rule of Evidence 902(3). First, he alleges that the document was not self-authenticating. Appellant further argues that, because the Government did not produce a certification of genuineness made by a diplomatic or consular official, the birth certificate was not authenticated.

The Government maintains that the document was self-authenticating and was then further authenticated by the testimony of Agent Heinlein who established ample foundation for its authenticity. Additionally, the document was provided to Appellant before trial to enable him to investigate the document's accuracy and authenticity.

After hearing testimony from Agent Heinlein that he believed the document

-2-

was genuine and that the Mexican government produced an updated document with identical information (but refused to certify the document for fear of Vienna Convention repercussions), the district court judge allowed the birth certificate to be entered into evidence.

Federal Rule of Evidence 902(3) provides that documents produced by foreign governments are self-authenticating if

> executed or attested in an official capacity by a person authorized by the laws of a foreign country to make the execution or attestation . . . [when] accompanied by a final certification as to the genuineness of the signature and official position (A) of the executing or attesting person, or (B) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of certificates of genuineness of signature and official position relating to the execution or attestation . . . . If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification.

Since reasonable opportunity was given to all parties to investigate the authenticity and accuracy of Appellant's Mexican birth certificate, we hold that the district court did not err in ordering that it be treated as presumptively authentic.

Appellant next contends that the district court erred in admitting into evidence the documents from the "A" file of Appellant maintained by the INS because the documents contained hearsay. While the documents that Appellant

contests do contain hearsay, they are admissible because they fall under an exception to the hearsay rule as records of regularly conducted activity pursuant to Fed. R. Evid. 803(6). We find no abuse of discretion in the district court's decision to admit the documents.

Appellant further argues that the district court erred in refusing to let Appellant testify about what his deceased mother had told him regarding his place of birth because such information is an exception to the hearsay rule pursuant to Fed. R. Evid. 803(19) as a declaration of family history. The Government maintains that the district court properly excluded the hearsay statements of Appellant's mother because there was no basis for the admission of such inherently unreliable hearsay.

Rule 803(19) provides that "[t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . . Reputation among members of a person's family . . . concerning a person's birth . . . ." We cannot find any authority that specifically allows or disallows hearsay in Appellant's distinct situation. Appellant cites to United States v. Jean-Baptiste, where the Second Circuit held that "members of a family may testify with regard to the common understanding as to the birth of another family member." 166 F.3d 102, 110 (2d Cir. 1999). This case provides little guidance. Appellant's mother was never identified and could not testify at trial because she is deceased. However, it

is unnecessary for us to decide if the exclusion of Appellant's mother's hearsay statements was error because the statements would have been cumulative. Appellant testified that he was born in the United States. If there were any error on the part of the district court, it was harmless. See United States v. Porter, 881 F.2d 878, 884 (10th Cir. 1989).

Appellant states, without support, that there was insufficient evidence to support his conviction. We review claims of insufficient evidence de novo. United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997). Since Appellant failed to provide any support for his claim, and after a thorough review of the record, we hold that the evidence supported the jury's guilty verdict. The Government introduced ample evidence that Appellant was an alien who had been deported to Mexico in 1999 and had subsequently been found in the United States without seeking permission to re-enter from the Attorney General as required by 8 U.S.C. § 1326.

Appellant argues that he received ineffective assistance of counsel due to a lack of effective communications.

> We are reluctant to hear claims of ineffective assistance [of counsel which are] advanced for the first time in this court because we work at a distinct disadvantage when we operate without the factual development and judicial reasoning afforded by lower court proceedings. Therefore, only in the very rare instance that a claim of ineffective assistance is fully developed in the record will we hear it for the first time on appeal.

<u>United States v. Boigegrain</u>, 155 F.3d 1181, 1186 (10th Cir. 1998) (citations omitted).

This is not one of those "rare instances" that would permit consideration of Appellant's ineffective assistance claims on direct appeal. A review of the record reveals that the district court made no factual findings regarding Appellant's claim; therefore, there is no record for us to review. We will not consider an appeal until the record is reviewed and developed in the trial court through an action brought pursuant to 18 U.S.C. § 2255. <u>See</u> <u>id.</u>

For the above reasons, the conviction and sentence are **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge